UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN ROBERT DEMOS, JR.,
                    Plaintiff,

        v.

DELTA AIRLINES, INC.,
                    Defendant.

CASE NO. 2:26-cv-00254-TL

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation of the Honorable S. Kate Vaughan, United States Magistrate Judge (Dkt. No. 2) and Plaintiff John Robert Demos, Jr.'s objections to the Report and Recommendation (Dkt. No. 3). Having reviewed the Report and Recommendation, Plaintiff's objections, and the relevant record, the Court overrules Plaintiff's objections, adopts the Report and Recommendation, and dismisses the case without prejudice.

//

//

ORDER ADOPTING REPORT AND RECOMMENDATION – 1

## I.    BACKGROUND

Plaintiff is a state prisoner and a prolific litigant who is under pre-filing bar orders in multiple courts, including this Court, the Eastern District of Washington, Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). One of those orders from the Western District of Washington provides that Plaintiff may submit only three applications to proceed *in forma pauperis* ("IFP") and proposed actions each year. *See In re John Robert Demos*, No. MC91-269-CRD (W.D. Wash. Jan. 16, 1992) ("the 1992 Bar Order"); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). At the time Plaintiff submitted his proposed complaint to the Court for filing, he had already exceeded his annual limit of IFP applications and proposed actions for the year 2026. Dkt. No. 2 at 2–3 and n.1 (citing cases).

In addition, Plaintiff has had more than three prior actions dismissed as frivolous, malicious, or for failure to state a claim. *See Demos v. Lehman*, No. MC99-113 (W.D. Wash. Aug. 23, 1999). Therefore under 28 U.S.C. § 1915(g), Plaintiff also must demonstrate an "imminent danger of serious physical injury" to proceed IFP. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052–53 (9th Cir. 2007).

## II.    DISCUSSION

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("[The Court] must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C.

ORDER ADOPTING REPORT AND RECOMMENDATION – 2

§ 636(b)(1). A party properly objects when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2).

Mr. Demos filed a timely objection. However, his objection does not address any of the reasons stated in the Report and Recommendation for dismissing this action and, instead discusses what he believes are the merits of his allegations. But the fact that Plaintiff has filed more than three cases this year precludes Plaintiff from proceeding with this action.

However, this Court has previously found that the bar orders that limit Plaintiff to three IFP applications per year do not apply to subsequent applications if he plausibly pleads imminent danger and meets all other procedural requirements of the prior injunctions. *Demos v. Jackson*, No. C22-5480, 2022 WL 3227427, at *2 (W.D. Wash. Aug. 10, 2022) (citing 28 U.S.C. § 1915(g)). The objections do not explain how Plaintiff's allegations of fraud on the government by certain corporations establish that he is in imminent danger of serious physical injury. *See generally* Dkt. No. 3.

Therefore, it is hereby ORDERED:

1.  The Court ADOPTS the Report and Recommendation and overrules Plaintiff's objections.

2.  Plaintiff's proposed in forma pauperis ("IFP") application (Dkt. No. 1) is DENIED.

3.  This action is DISMISSED WITHOUT PREJUDICE.

4.  The Clerk is DIRECTED to send copies of this Order to the parties and to Judge Vaughan.

Dated this 11th day of March, 2026.

Tana Lin
United States District Judge